Filed 11/25/20  P. v. Mallory CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D077334 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. JCF26358) |
| TYRONE MALLORY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Imperial County, Poli Flores, Jr., Judge.  Affirmed.

Alex Kreit, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Heather B. Arambarri, Deputy Attorneys General, for Plaintiff and Respondent.

## BACKGROUND

In 2008, defendant Tyrone Mallory was sentenced to 15 years in prison for robbery. While he was serving his sentence at Calipatria State Prison, correctional officers observed defendant receive drugs from a visitor. Following a struggle, the officers discovered 16 grams of marijuana on defendant. They searched defendant's cell and discovered an additional .8 grams of marijuana.

Defendant pleaded no contest in March 2011 to possession of 16 grams of marijuana in a prison facility in violation of Penal Code section 4573.6. He was sentenced to the middle term of three years, to be served consecutively to the offense for which he was imprisoned.

On February 10, 2020, defendant filed a petition for recall of his sentence and dismissal of judgment pursuant to Health & Safety Code section 11361.8, subdivision (b). After considering the pleadings and oral argument, the court denied the petition.

Defendant filed a timely notice of appeal.

## ANALYSIS

Proposition 64 was enacted on November 9, 2016 (Health and Saf. Code, § 11362.1, subd. (a)(1)). Defendant's sole argument is that in Proposition 64, the Legislature legalized the possession of less than 28.5 grams of cannabis by an adult, and thus the trial court erred when it denied his petition to recall his conviction for possession of 16 grams of cannabis in a prison, because his possession was no longer criminal.

There is a split of authority on whether Proposition 64 legalized simple possession of marijuana in state prisons. The issue is currently pending before our Supreme Court in *People v. Raybon* (2019) 36 Cal.App.5th 111, review granted August 21, 2019, S256978 (*Raybon*); *People v. Whalum* (2020)

2

50 Cal.App.5th 1, review granted, August 12, 2020, S262935 (*Whalum*); and *People v. Herrera* (2020) 52 Cal.App.5th 982, review granted, October 14, 2020, S264339 (*Herrera*). The Third District in *Raybon* concluded that possession of less than 28.5 grams of cannabis in prison is no longer unlawful, due to Proposition 64. The First District, Sixth District, and our district have all reached the opposite conclusion, that possession of cannabis in prison remains a felony. (*People v. Perry* (2019) 32 Cal.App.5th 885, 891–893 (*Perry*) [First District]; *Herrera*, at pp. 991–992 [Sixth District]; *Whalum*, at pp. 12–13 [Fourth District].) *Whalum* involved a conviction under section 4573.8 instead of section 4573.6, but the reasoning is the same as in *Perry*.

We need not elucidate the background and legal principles involved in the question of whether the changes made by Proposition 64 should be applied to defendant. We agree with our decision in *Whalum* and the rationale of *Perry* and *Herrera*. On that basis we reject defendant's claim.

DISPOSITION

The judgment is affirmed.

BENKE, J.

WE CONCUR:

McCONNELL, P. J.

GUERRERO, J.

3